# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES PAHOUNDIS, : | |
| : | |
| Plaintiff, : | Case No. 2:16-cv-826 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| COMMISSIONER OF : | Magistrate Judge Jolson |
| SOCIAL SECURITY, : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

Plaintiff James D. Pahoundis brought suit in this Court after the Commissioner of Social Security and an Administrative Law Judge determined that he was not disabled. This matter is before the Court on Mr. Pahoundis's Motion for Reconsideration (ECF No. 19), Motion to Alter or Amend Judgment (ECF No. 21), and Objection to the Magistrate Judge's Report and Recommendation (ECF No. 22). In both his Motion for Reconsideration and Motion to Alter or Amend Judgment, he asks this Court to vacate its September 14, 2017 order (ECF No. 17), which adopted the Magistrate Judge's Report and Recommendation due to Mr. Pahoundis's failure to file a timely Objection. For reasons set forth below, the Court construes both of Mr. Pahoundis's Rule 59(e) motions as a single Motion for Relief from a Final Judgment under Federal Rule of Civil Procedure 60(b). The Court **GRANTS** the Rule 60(b) motion (ECF Nos. 19, 21). Therefore, the Court **VACATES** its September 14, 2017 order (ECF No. 17) and will conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Mr. Pahoundis objects. Upon independent review by this Court and for reasons set forth below, the Objection

1

(ECF No. 22) is hereby **OVERRULED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

Mr. Pahoundis applied for Title XVI Supplemental Security Disability Benefits on March 23, 2012. (ECF No. 10 at PageID 102). He alleged that he has been disabled since August 1, 2009 due to mental health issues and back problems. (*Id.*). After initial administrative denials of his March 23, 2012 application, an Administrative Law Judge ("ALJ") held a video hearing on February 25, 2015 at Mr. Pahoundis's request. (*Id.* at PageID 77). On July 31, 2015, the ALJ issued an unfavorable decision, finding that Mr. Pahoundis was not disabled within the meaning of the Social Security Act. (*Id.* at PageID 60-69).

Mr. Pahoundis previously applied for Title XVI benefits on August 16, 2010, alleging the same impairments. (*Id.* at PageID 103). His prior application was denied initially on May 3, 2011 and denied upon reconsideration on August 19, 2011. (*Id.*). Because of these prior decisions, the ALJ limited his review of Mr. Pahoundis's most recent application to the unadjudicated period, which began on August 19, 2011. (*Id.* at PageID 60). The ALJ also explained that "any discussion of evidence prior to that time is for historical and contextual purposes only and does not constitute reopening." (*Id.*)

In his opinion denying benefits, the ALJ conducted the required five-step sequential analysis for disability benefits claims. *See* 20 C.F.R. § 416.920(a)(4).[1] At step one, the ALJ determined that Mr. Pahoundis has not engaged in substantially gainful activity since March 23, 2012, his application date. (ECF No. 10 at PageID 62).

At step two, the ALJ found that Mr. Pahoundis had the following severe impairments: psychotic disorder, ADHD (Attention Deficit/Hyperactive Disorder), mood disorder, and personality disorder. (*Id.*). The ALJ found that Mr. Pahoundis's back problems did not constitute severe impairments. (*Id.* at PageID 62-63).

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

At step three, the ALJ further found that Mr. Pahoundis's impairments, whether taken alone or in combination, did not meet or medically equal one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PageID 63-64).

At step four, the ALJ found that Mr. Pahoundis has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except for the following non-exertional limitations: (1) he may only perform simple tasks; (2) he cannot interact with the public in a work setting and can only have occasional interaction with co-workers and supervisors; and (3) he must have no strict production requirements, such as would be required for an assembly line worker. (*Id.* at PageID 64). The ALJ noted that Mr. Pahoundis had no past relevant work. (*Id.* at PageID 67).

At step five, the ALJ found that Mr. Pahoundis can perform jobs that exist in significant numbers in the national economy. (*Id.* at PageID 68). Thus, the ALJ concluded that Mr. Pahoundis was not disabled. (*Id.* at PageID 68-69).

The Appeals Council denied Mr. Pahoundis's request for review of the ALJ's determination, rendering the ALJ's benefits-denial decision the Commissioner's final agency action. Proceeding pro se, Mr. Pahoundis then filed suit in federal court on August 30, 2016. (ECF No. 4). In his Statement of Errors, he suggests that the ALJ failed to account properly for evidence of his mental impairments in determining the RFC and erred in his assignment of credibility to certain medical source opinions. (ECF No. 13 at 5-7). He also states that he has a disabling vision impairment due to cataracts. (*Id.* at 5). The Commissioner responded to the Statement of Errors on January 27, 2017 (ECF No. 15), and Mr. Pahoundis did not file a Reply. On April 20, 2017, the Magistrate Judge recommended that this Court overrule the Statement of Errors and affirm the Commissioner's denial of benefits. (ECF No. 16). The Report and Recommendation was sent to

Mr. Pahoundis via regular mail the same day. (*Id.*). The Magistrate Judge upheld the ALJ's mental RFC determination and found that all available medical evidence shows that Mr. Pahoundis has no impairments to his vision. (*Id.* at 4-9). On September 14, 2017, this Court accepted and affirmed the Magistrate Judge's Report and Recommendation because Mr. Pahoundis had not filed an Objection within the required 14-day period. (ECF No. 17).

On February 6, 2018, Mr. Pahoundis filed a Motion for Reconsideration of the Court's September 14, 2017 order based on Federal Rule of Civil Procedure 59(e). (ECF No. 19). Explaining his failure to file a timely Objection, Mr. Pahoundis indicated that his mail had been lost or stolen and he had been forced to set up a P.O. Box. (*Id.* at 1). The Motion for Reconsideration alleges the same deficiencies in the ALJ's RFC determination as outlined in his Statement of Errors, except Mr. Pahoundis does not object to the Magistrate Judge's finding that he does not have cataracts. (*Id.* at 1-6). The Commissioner filed her Response on February 20, 2018. (ECF No. 20). On March 28, 2018 Mr. Pahoundis filed another Rule 59(e) motion, which he described as a Motion to Alter or Amend Judgment. (ECF No. 21). Mr. Pahoundis's second Rule 59(e) motion is effectively identical to his first one, but he does not raise the issue of his inability to receive mail. (*Id.*).

On April 3, 2018, Mr. Pahoundis filed his Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 22). His Objection challenges the ALJ's mental RFC determination for the same reasons contained in his Statement of Errors. (*Id.*). He no longer asserts that he has cataracts. (*Id.*). The Commissioner has not filed a Response to the Objection. However, the Commissioner's Response to Mr. Pahoundis's first 59(e) motion anticipates that the Court may conduct a *de novo* review of Mr. Pahoundis's Objection. (ECF No. 20 at 2). Therein, the

5

Commissioner argues that the record provides substantial support for the ALJ's mental RFC determination. (*Id.*). Therefore, all pending motions are ripe for review.

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This *de novo* review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (substantial evidence is "more than a scintilla of evidence but less than a preponderance") (quotations omitted). If "substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quotation omitted).

## III. ANALYSIS

### A. Motion for Relief from Final Judgment

Motions for reconsideration under Rule 59(e) must be filed within 28 days of the entry of the judgment to be reconsidered. FED. R. CIV. P. 59(e). When a party fails to file a Rule 59(e)

motion before this deadline, courts "may consider the motion as one for relief from a final judgment pursuant to Rule 60(b)." *In re Dr. Durrani Med. Malpractice Cases*, No. 1:16-CV-004, 2016 WL 8199122, at *2 (S.D. Ohio June 20, 2016) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)). This Court entered its judgment affirming the Magistrate Judge's Report and Recommendation on September 14, 2017, and Mr. Pahoundis's deadline to file a Rule 59(e) motion was October 12, 2017. (ECF No. 18). Long after the deadline, he filed each of his Rule 59(e) motions on February 6, 2018 (ECF No. 19) and March 28, 2018 (ECF No. 21). Each of these motions is effectively identical in substance. Therefore, the Court construes both motions as a single Motion for Relief from a Final Judgment pursuant to Rule 60(b).

Under Federal Rule of Civil Procedure 60(b)(6), courts have broad authority to vacate a prior judgment for any justifiable reason (other than those reasons specifically enumerated in clauses (b)(1) through (b)(5)). *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988). Rule 60(b)(6) confers authority broad enough to "enable [courts] to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949). However, courts should only make use of this provision in extraordinary circumstances, *see Ackermann v. United States*, 340 U.S. 193, 212 (1950), and when the underlying motion is "made within a reasonable time." FED. R. CIV. P. 60(c)(1). When deciding whether to grant relief under Rule 60(b)(6), the court must conduct a case-by-case inquiry, balancing "numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir.2001)).

The interests of justice outweigh any competing interest in the finality of judgments here. Though a *de novo* inquiry may prove unavailing to Mr. Pahoundis, he is entitled to this Court's review of his Objection under these circumstances. Justice is about process as much as it is about results.

Mr. Pahoundis has represented to the Court that he is homeless, and that his mail at his previous address had been lost or stolen through no fault of his own. An inability to receive mail would have clear and serious implications for any litigant in Mr. Pahoundis's situation. The Court would not have entered a final judgment without conducting a *de novo* review if Mr. Pahoundis had received notice of the Report and Recommendation and filed a timely Objection. Extraordinary circumstances rendered Mr. Pahoundis unable to do so. Courts must afford pro se litigants significant leeway, though not so much as to exempt them from basic procedural requirements. *United States v. Barrow*, No. 17-1628, 2018 WL 2670617, at *2 (6th Cir. Feb. 8, 2018) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). In light of these lenient standards for pro se litigants, this Court finds that Mr. Pahoundis has satisfied the requirements of Rule 60(b)(6) and is entitled to relief from the Court's September 14, 2017 judgment.

The Court **GRANTS** Mr. Pahoundis's Rule 60(b) motion. This Court's September 14, 2017 order (ECF No. 17) is hereby **VACATED**. The Court will now consider Mr. Pahoundis's untimely Objection (ECF No. 22) and conduct a *de novo* review of the Magistrate Judge's Report and Recommendation as required by Federal Rule of Civil Procedure 72(b)(3).

### B. Substantial Evidence Supports the ALJ's Mental RFC Determination

Mr. Pahoundis objects to the ALJ's mental RFC determination. (ECF No. 22). He contends that medical evidence of his mental impairments requires a finding that he is disabled. (*Id.* at 4). This Court does not agree.

In his Statement of Errors, Mr. Pahoundis argues that an April 21, 2011 psychological evaluation by Dr. Marc E. Miller shows that he is disabled. (ECF No. 13 at 6-7). The ALJ did not discuss Dr. Miller's evaluation, but this omission was not erroneous. Dr. Miller examined Mr. Pahoundis before the relevant time-period. In a separate proceeding that had not been reopened, Mr. Pahoundis had been found not disabled as of August 19, 2011. (ECF No. 10 at PageID 60). The ALJ properly declined to reopen the prior decision in accordance with 20 C.F.R. §§ 404.988–989. (*Id.*). None of the grounds for reopening discussed in those regulations is present here. *See* 20 C.F.R. §§ 404.988–989. Therefore, the ALJ was not required to take Dr. Miller's psychological evaluation into account. *See Davis v. Comm'r Soc. Sec.*, No. 2:15-cv-12644, 2016 WL 4445774, at *9 (E.D. Mich. July 29, 2016) (explaining that medical examinations that took place before the relevant period are of limited relevance).

The Court also notes that Dr. Miller's medical opinion supports the ALJ's RFC determination. In his functional assessment, Dr. Miller stated that Mr. Pahoundis's "abilities and limitations in regard to understanding, remembering and carrying out job instructions, indicate no significant impairment. He would be able to follow one or two-step directions." (ECF No. 10 at PageID 597).

Mr. Pahoundis suggests that it was improper for the ALJ to credit medical opinion evidence from state disability examiners. He notes that their examinations ultimately "benefit[ted]" the Social Security Administration, and he therefore concludes that the examiners were biased against him. (ECF No. 13 at 5). The Commissioner required Mr. Pahoundis to see these doctors for consultative examinations ("CEs"). Regulations direct the Commissioner to determine the necessity of purchasing CEs on a case-by-case basis and afford the Commissioner great leeway in doing so. *See* 20 C.F.R. § 416.919. Regulations also provide that the Commissioner shall select

each qualified medical source who conducts a CE. 20 C.F.R. § 416.919g. The Supreme Court has declined to hold that the use of CEs is, per se, a hallmark of bias against disability applicants:

> The vast workings of the social security administrative system make for reliability and impartiality in the consultant reports. We bear in mind that the agency operates essentially, and is intended so to do, as an adjudicator and not as an advocate or adversary. This is the congressional plan. We do not presume on this record to say that it works unfairly.

*Richardson v. Perales*, 402 U.S. 389, 403 (1971); *see also Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x. 267, 274 (6th Cir. 2015) ("Generally, an ALJ is permitted to rely on state agency physician's [sic] opinions to the same extent as she may rely on opinions from other sources."). The ALJ did not err by crediting the medical opinions of the state disability examiners here.

The medical opinions that the ALJ credited provide substantial evidence in support of the mental RFC and the ALJ's finding that Mr. Pahoundis is not disabled. The ALJ assigned great weight to the medical opinions of state agency reviewing psychologists, Roseanne Umana, Ph.D. and Vicki Warren, Ph.D. (ECF No. 10 at PageID 66). State medical consultants are experts in disability evaluations, and their opinions are generally viewed as highly persuasive. *See* 20 C.F.R. § 404.1513a(b)(1) ("[A]gency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."). In assessing Mr. Pahoundis's mental RFC, Dr. Umana found:

> Concentration is adequate for routine, repetitive tasks. Social functioning is limited, but adequate for superficial and occasional interactions. Stress tolerance is limited. Claimant can adapt to work settings in which duties are routine and predictable.

(ECF No. 10 at PageID 114). Dr. Warren also opined that Mr. Pahoundis could "adapt to work settings in which duties are routine and predictable" despite his limited stress tolerance and other psychological difficulties. (*Id.* at PageID 131-33). These medical opinions directly support the ALJ's mental RFC determination.

The ALJ also gave partial weight to the medical opinion of Christopher C. Ward, Ph.D. (*Id.* at PageID 67). Dr. Ward found that Mr. Pahoundis may have "difficulty" remembering instructions, maintaining attention and focus, developing and maintaining appropriate co-worker relationships, and maintaining interpersonal relationships. (*Id.* at PageID 611-12). The ALJ found that Dr. Ward's evaluation was overly general and did not "resemble an opinion written in functional terms." (*Id.* at PageID 67). It would not have been appropriate for the ALJ to attempt to divine the functional significance of the "difficulties" that Dr. Ward identified. The ALJ properly declined to rely on those portions of Dr. Ward's findings that were not corroborated elsewhere in the record. (*Id.*). ALJs must refrain from "interpreting raw medical data in functional terms." *Deskin v. Comm'r Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008). When a medical expert does not convey his or her diagnosis in the form of a specific RFC assessment, the ALJ is not qualified to translate the raw medical findings into an RFC. *Id.* (citing *Rohrberg v. Apfel*, 26 F.Supp.2d 303, 311 (D. Mass. 2011)). Here, the ALJ was no better-situated to interpret the functional significance of Dr. Ward's impressionistic assessment than he would have been to read an x-ray or evaluate an MRI. *See id.* 913 (holding that ALJ could not determine the claimant's RFC based solely on extensive MRI findings without "the opinion of a medical source to insist in the translation of the raw medical data here into functional limitations.").

Other evidence, including Mr. Pahoundis's own testimony, supports the finding that Mr. Pahoundis is not disabled. As the ALJ noted, Mr. Pahoundis testified that he can prepare meals, ride a bicycle, drive his car up to 100 miles, shop in stores, clean dishes, do laundry, cut wood with a chainsaw, and play video games. (ECF No. 10 at PageID 66, 84-89). Although some objective evidence indicated deficiencies in his ability to concentrate and manage emotions, Mr. Pahoundis demonstrated improvement in these areas after receiving medication. (*Id.* at PageID 629-31); s*ee*

*also Dempley v. Astrue*, No. CIV.A.309CV651, 2010 WL 1979404, at *3 (W.D. Ky. May 14, 2010) (noting that the ALJ may rely on evidence of improved symptoms). According to 2014 treatment notes, Mr. Pahoundis demonstrated normal speech, thought, and concentration, as well as appropriate mood and affect. (*Id.* at PageID 651-52). Treatment notes indicate that he could follow simple instructions, could be understood without difficulty, and displayed normal intellectual functionality. (*Id.* at PageID 600, 638).

The available evidence indicates that Mr. Pahoundis would be able to maintain gainful employment in a job that conforms with the limitations of his RFC. Therefore, the Court finds that substantial evidence supports the ALJ's mental RFC determination.

The Court **ADOPTS** Magistrate Judge's Report and Recommendation (ECF No.16) and affirms the Commissioner's finding that Mr. Pahoundis is not disabled within the meaning of the Social Security Act.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Mr. Pahoundis's Rule 60(b) motion (ECF Nos. 19, 21) and **VACATES** its September 14, 2017 order (ECF No. 17). Upon *de novo* review, the Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 16), thereby **OVERRULING** Mr. Pahoundis's Objection (ECF No. 22). The Commissioner's denial of benefits is **AFFIRMED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

    /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 20, 2018**